[Civ. No. 12872. Second Dist., Div. Two. Feb. 11, 1942.]

GEORGE J. KENNINGTON, Respondent, v. ART NEFF, Appellant.

Courtney- A. Teel for Appellant.

John N. Hurtt for Respondent.

HANSON, J. pro tem.—This is a suit to recover damages for personal injuries suffered by a quarrelsome drunk who invited a physical encounter in a saloon and, in the language of the street, got all and more than he bargained for. ■ As the trial court saw fit to award him damages in the sum of $3,000, defendant is here contending that there was no substantial evidence to sustain the judgment. In support of that contention defendant, while conceding that there was a direct conflict in the evidence, insists that no credence can be given to the testimony of the plaintiff for five reasons: First: Because plaintiff was too drunk at the time of the encounter to recall and later to testify to what occurred. Second: Because plaintiff's testimony was uncorroborated. Third: That plaintiff's testimony was not only contradictory with itself but with certain extra - judicial statements he had made. Fourth: That had the plaintiff's testimony been true he should have corroborated it by his drinking partners, who were available as witnesses. Fifth: That plaintiff not having called his drinking partners to corroborate him, it was obvious that they too had been too drunk to have a recollection of the events so they could testify.

While we think these arguments might well have been made to the trial court, they cannot be entertained here. The trial judge saw and heard the plaintiff, the defendant and the bartender who testified for the defendant. He evidently disbelieved the defendant and his witness and believed the testimony of the plaintiff. As the testimony of the plaintiff— contradictory in certain immaterial parts—was adequate to sustain his cause of action, it rested with the trial court to

694

determine whether it was based on memory of the events or was fabricated for want of recollection. Under those circumstances we must accord full weight to the holding below.

Moreover, we have read the entire record and are satisfied that no grounds for reversal exist, either on the question of liability or as to the amount of the judgment.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 2, 1942.